IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

Wayman Jerome Johnson,         )
                               )
            Plaintiff,         )
                               )   Civil Action No. 8:18-cv-03223-TMC
        v.                     )
                               )   **ORDER**
Andrew M. Saul, Commissioner of)
Social Security Administration,[1])
                               )
            Defendant.         )
_____)

Plaintiff Wayman Jerome Johnson brought this action pursuant to the Social Security Act (the "Act"), 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his claim for disability insurance benefits ("DIB") and supplemental security income ("SSI"). (ECF No. 1). This matter is before the court for review of the Report and Recommendation ("Report" of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(a), (D.S.C.). (ECF No. 16). The Report recommends that the court affirm the Commissioner's decision, because the magistrate judge found there was substantial evidence to support the Commissioner's final decision.[2] *Id*. In the Report, the magistrate judge sets forth the relevant

---

[1] Andrew M. Saul became the Commissioner of the Social Security Administration on June 17, 2019. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew Saul should be substituted for Acting Commissioner Nancy Berryhill as the defendant in this suit.

[2] The magistrate judge's Report has no presumptive weight, and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections, however, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgement of the District Court based upon such

facts and legal standards, which are incorporated herein by reference. Plaintiff filed objections to the Report, (ECF No. 19),[3] and the Commissioner responded to those objections, (ECF No. 21). Accordingly, this matter is now ripe for review.

## BACKGROUND

On August 25, 2015, Plaintiff filed applications for DIB and SSI, alleging a disability onset date of January 4, 2013. (ECF Nos. 9-2 at 15; 9-5 at 2–10, 12–17). These claims were denied both initially and on reconsideration by the Social Security Administration ("SSA"). (ECF Nos. 9-2 at 15; 9-3 at 2–57; 9-4 at 2–11). Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), (ECF No. 9-4 at 26–33), and on March 15, 2018, ALJ Nancy McCoy conducted a *de novo* hearing on Plaintiff's claims for DIB and SSI, (ECF No. 9-2 at 33–64). Plaintiff was represented by counsel at the hearing. *See id*. at 33. On April 27, 2018, the ALJ issued an opinion finding that Plaintiff was not disabled. *Id*. at 12–32.

In her decision, the ALJ found that Plaintiff met the insured status requirements under the Act through December 31, 2018, and that Plaintiff had not engaged in substantial gainful activity since January 4, 2013, the alleged onset date of disability. *Id*. at 15, 17. The ALJ further found that Plaintiff suffered from the following severe impairments: lumbar degenerative disc disease and status post lumbar laminectomy and microdiscectomy, but found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id*. at 17–19. Additionally, the ALJ

---

recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 845–46 (4th Cir. 1985) (citing *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984)).

[3] Plaintiff simultaneously filed his objections to the Report, (ECF No. 18), and a motion seeking an extension of the time in which to file his objections, (ECF No. 19), after the deadline to object had already expired. The court held a hearing on Plaintiff's motion for an extension on February 13, 2020 and took the matter under advisement. (ECF No. 29). On February 18, 2020, the court entered an order granting Plaintiff's motion for extension. (ECF No. 31). Accordingly, the court has considered Plaintiff's late-filed objections.

calculated Plaintiff's residual functional capacity ("RFC") and determined Plaintiff could perform light work and that, therefore, Plaintiff is "capable of performing past relevant work as a production clerk." *Id*. at 19–24. Alternatively, the ALJ found that even if Plaintiff could not perform his past relevant work, there were "other jobs existing in the national economy that he is also able to perform." *Id*. at 24. Accordingly, the ALJ determined that Plaintiff was not disabled as defined in the Act. *Id*. at 26.

Plaintiff subsequently appealed to the Appeals Council. *See id*. at 2–11. With the aid of counsel, Plaintiff sent additional evidence to the Appeals Council for review, including further medical evidence. *Id*. at 1, 65–70. The Appeals Council made this additional evidence part of the record. *Id*. However, despite the new evidence, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. *Id*. at 2–5. Therefore, the ALJ's decision became the final decision of the Commissioner. This action followed.

## STANDARD OF REVIEW

The federal judiciary has a limited role in the administrative scheme established by the Act. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency

are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

## DISCUSSION

The magistrate judge's Report recommends that the decision of the Commissioner be affirmed. (ECF No. 16). In his objections, Plaintiff reiterates the same arguments he raised in his brief to the magistrate judge, specifically that the substantial evidence in the record does not support (1) the RFC assessment, particularly Plaintiff's ability to sit for an extended period; (2) the ALJ's evaluation of the medical opinion evidence, particularly that of Dr. Higgins; and (3) the ALJ's evaluation of Plaintiff's subjective allegations. *See* (ECF No. 18 at 1–8). The court finds that the magistrate judge has fully addressed Plaintiff's concerns regarding the ALJ's evaluation of the evidence and findings, and that these objections do not add any new argument to Plaintiff's earlier assertions. Therefore, these do not constitute specific objections to the Report. *See, e.g.*, *Abou-Hussein v. Mabus*, No. 2:09-1988-RMG-BM, 2010 WL 4340935, at *1 (D.S.C. Oct. 28, 2010), *aff'd*, 414 Fed. App'x 518 (4th Cir. 2011) (noting that a mere restatement of arguments raised in prior filings does not constitute an "objection" for purposes of district court review). Furthermore, the court agrees with the magistrate judge's analysis and the result recommended on each of these issues and, therefore, the objections are overruled.

However, Plaintiff did raise one specific objection to the Report, namely that both the ALJ and the magistrate judge ignored the medical records of Dr. Thomas E. Byrne, one of Plaintiff's treating physicians while he was incarcerated with the South Carolina Department of Corrections

("SCDC"). The court finds this objection to also be without merit for the reasons stated below and, therefore, overrules this objection.

**Medical Records of Dr. Thomas E. Byrne**

Plaintiff argues that the magistrate judge "failed to consider the numerous records of Dr. Thomas E. Byrne, M.D., [which] supported Dr. Higgins' opinion that Johnson could not bend or lift more than 10 pounds." (ECF No. 18 at 4). Additionally, Plaintiff asserts that the "ALJ's opinion is also devoid of evidence that [s]he considered the lengthy treatment history between Dr. Byrne and his treatment notes that support Dr. Higgins' limitations." *Id*. However, Plaintiff's contention that the ALJ ignored these records is wholly inaccurate. When describing Plaintiff's medical history, the ALJ did not specifically state which medical professional conducted each of the various tests or made each of the specific diagnoses. *See* (ECF No. 9-2 at 18–21). Nevertheless, the ALJ repeatedly cited to SCDC's medical records for Plaintiff, including Dr. Byrne's notes, when recounting Plaintiff's medical history. *See id*. at 20–21. Specifically, the ALJ described how in mid-2014, Plaintiff reported experiencing low back pain and was prescribed acetaminophen and ibuprofen and, when these medications proved ineffective, Mobic and naproxen; how in February 2015, Plaintiff underwent an x-ray of his lumbar spine revealing degenerative narrowing and productive changes at the L5-S1 disc and mild dextroscoliosis; how he received a Toradol injection in May 2015; and how he underwent an MRI of his lumbar spine in June 2015, which revealed satisfactory postoperative change from his past right L5-S1 laminectomy and microdiscectomy. *Id*. at 20. After discussing each of these facts, the ALJ cited to Dr. Byrne's notes in the SCDC medical records. *Id*.; *see also* (ECF No. 9-7 at 31–44). Moreover, the ALJ stated that she considered all the medical evidence in reaching her determinations. *See* (ECF No. 9-2 at 16, 19–23). Based on this statement and the fact that the

ALJ specifically described various records of Dr. Byrne's, the court finds that the ALJ did not ignore the medical notes and records of Dr. Byrne and, therefore, overrules Plaintiff's objection.[4]

## CONCLUSION

After carefully reviewing the record, the court finds that the ALJ, in reviewing the medical history and subjective testimony, conducted a thorough and detailed review of Plaintiff's impairments, arguments, and functional capacity. Likewise, the magistrate judge considered each of Plaintiff's arguments and properly addressed each in turn, finding them without merit. Having conducted the required *de novo* review of the issues to which Plaintiff has specifically objected, the court finds no basis for disturbing the Report. Therefore, the court adopts the Report (ECF No. 16), and incorporates it herein by reference. Thus, for the reasons set forth above and in the Report, the Commissioner's decision is **AFFIRMED.**

**IT IS SO ORDERED.**

s/Timothy M. Cain
Timothy M. Cain
United States District Judge

Anderson, South Carolina
February 24, 2020

---

[4] The court further notes that Plaintiff mischaracterizes Dr. Byrne's records by arguing that they support Dr. Higgins' opinion that Plaintiff could not bend or lift more than ten pounds. *See* (ECF No. 18 at 4). Indeed, there is no reference or observation anywhere in Dr. Byrne's records regarding Plaintiff's ability lift. *See* (ECF No. 9-7 at 28–43). Moreover, Dr. Byrne references Plaintiff's ability to bend only once, noting on July 24, 2014, that Plaintiff was "unable to bend from [the] waist[.]" *Id*. at 44. Although Plaintiff subsequently saw Dr. Byrne on numerous occasions for his back pain, Dr. Byrne never made any further notation regarding Plaintiff's ability to bend. At most, Dr. Byrne noted that Plaintiff would move slowly and cautiously when getting in and out of chairs, but made no observations that Plaintiff had trouble bending or sitting. *See id*. at 32, 36, 40. On the contrary, Dr. Byrne noted that, although Plaintiff "gets up and down from [his] chair . . . slowly, [he] does not appear to have difficulty, just being cautious," and later noted that Plaintiff was able to get in and out of his chair without any difficulty. *Id*. at 36, 40. Accordingly, contrary to Plaintiff's assertions, Dr. Byrne's medical records support the ALJ's conclusions.